UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TYREE YOUNG | CIVIL ACTION |
| VERSUS | NO: 11-1630 |
| STEVE RADER, WARDEN | SECTION: R |

### ORDER AND REASONS

Before the Court is Tyree Young's Petition for a Writ of Habeas Corpus. The Court, having reviewed *de novo* the petition,[1] the record, the applicable law, the Magistrate Judge's Report and Recommendation,[2] and the petitioner's objections thereto,[3] hereby approves the Magistrate Judge's Recommendation and adopts it as its opinion.

In his objections to the Magistrate's Report and Recommendation, petitioner presents only one argument not merely reasserted from his original petition: that the one-year limitations period in 28 U.S.C § 2244(d)(1) "is not a jurisdictional bar and can be equitably tolled in exceptional circumstances."[4] Indeed, the AEDPA's statute of limitations can be equitably tolled only in "rare and exceptional circumstances" and "when strict application of the statute of limitations would

---

[1]   R. Doc. 1.

[2]   R. Doc. 11.

[3]   R. Doc. 12.

[4]   *Id.* at 1.

be inequitable." *Prieto v. Quarterman*, 456 F.3d 511, 512 (5th Cir. 2006) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)). A petitioner must show that "(1) he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (internal citations omitted). The petitioner bears the burden of establishing his entitlement to equitable tolling. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).

Here, Young has not met that burden. Although he states that a "district court's error in setting the return date of the application might warrant equitable tolling,"[5] Young does not indicate that any such error occurred, nor demonstrate any other exceptional circumstances that might warrant equitable tolling here. Notably, a showing of negligence in his counsel's untimely application to the Louisiana Supreme Court for review of his direct appeal of conviction will not suffice. *See Holland*, 130 S. Ct. 2549, 2568 (2010) ("[A]ttorney negligence, however styled, does not provide a basis for equitable tolling[.]").[6]

---

[5]   *Id.*

[6]   That the Louisiana Supreme Court denied Young's application for review of the direct appeal of his conviction without stated reasons does not indicate that it reached the merits and extended the limitations period in which Young could pursue federal habeas review. *See Butler v. Cain*, 533 F.3d 314, 318-20 (5th Cir. 2008).

Rule 11 of the Rules Governing Section 2254 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." RULES GOVERNING SECTION 2254 PROCEEDINGS, Rule 11(a). A court may only issue a certificate of appealability if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); RULES GOVERNING SECTION 2254 PROCEEDINGS, Rule 11(a) (noting that § 2253(c)(2) supplies the controlling standard). In *Miller-El v. Cockrell*, the Supreme Court held that the "controlling standard" for a certificate of appealability requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] 'adequate to deserve encouragement to proceed further.'" 537 U.S. 322, 336 (2003). With respect to claims denied on procedural grounds, the petitioner must make a two-part showing: (1) that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling," and (2) that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Johnson v. Quarterman*, 483 F.3d 278, 284 (5th Cir. 2007) (quoting *Slack v.*

*McDaniel*, 529 U.S. 473, 484 (2000)). Young has not made such a showing in this case.

Accordingly, Tyree Young's petition for a writ of habeas corpus is DISMISSED WITH PREJUDICE. The Court will not issue a certificate of appealability.

New Orleans, Louisiana, this __4th__ day of April, 2012.

_____

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE